UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        **Hon. Hugh B. Scott**

            v.                              09CR331A

                        **Decision & Order**

Kyle Eagan, Justin Augus and
Miguel Moscoso,

                        Defendants.

      The Second Superceding Indictment issued in this case included charges with respect to which the government could have sought the death penalty as to three of more than 20 defendants named in the indictment (Docket No. 69). As to those three defendants, pursuant to 18 U.S.C. §3005, the Court appointed two attorneys, including at least one "learned counsel" familiar with the law applicable to capital cases. The Court has been advised that the government has notified the defendants that the death penalty will not be sought in connection with the charges in the indictment.

      Pursuant to the Guidelines for the Administration of the Criminal Justice Act ("the CJA"), §630.30.10, once it has been "determined that the death penalty will not be sought, the Court should consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding." In addition, the government has filed a motion

1

seeking the removal of the second appointed counsel for each defendant. (Docket No. 193).

In circumstances such as those present, the Court has discretion to decide whether to retain two attorneys for each defendant, including learned counsel, after the elimination of the death penalty. United States v. Douglas, 525 F.3d 225, 238 (2d. Cir. 2008)(Our conclusion that § 3005 does not entitle a defendant to a second attorney under these circumstances would not preclude a district court, in its discretion, from maintaining the dual appointment in a future case out of a "concern for fairness at the trial of a criminal offense.); United States v. Jones, 2008 WL 2967028 (D. N.J.)(same); United States v. Carmen, 2004 WL 1102318 (N.D. Ill. 2004)(same).

During argument on April 6, 2011, David Hoose, Esq., learned counsel for defendant Kyle Eagan, stated that he had discussed this issue with associate counsel Joseph Agro, Esq., and that they did not oppose the removal of learned counsel in this case. Hoose stated that he met with defendant Eagan on two occasions and that defendant Eagan was aware that if the government were to determine that the death penalty would not be sought, that it would be unlikely that Hoose would continue as counsel in this case. William Easton, Esq., learned counsel for defendant Miguel Moscoso, represented that he would defer to the discretion of the Court as to the number of counsel in this case. Brian Melber, Esq., associate counsel for defendant Justin Augus, opposed the motion to remove the second attorney. He argued that the trial schedule for learned counsel Richard Jasper, Esq., would preclude Jasper from being able to give adequate attention to this case as sole counsel. Further, Melber stated that he did not have prior experience trying a case involving murder charges in federal court.

It appears that the decision not to seek the death penalty in this case was made prior to extensive pretrial proceedings and that the government is still in the process of providing

voluntary discovery.  Based upon the representations from learned counsel for defendants Eagan and Moscoso, it does not appear that the defendants would be prejudiced by reducing the number of attorneys representing each defendant from two to one.  Hoose and Easton are relieved as counsel for defendants Eagan and Moscoso, respectively, in this case.

In light of the representations by counsel for defendant Augus, however, under the facts and circumstances present in this case, the continued representation of Augus by both Jasper and Melber is warranted.

Pursuant to CJA §630.30.10, and considering the factors set forth in §630.30.30(a), the hourly rate to be prospectively applied for work performed by counsel in this matter shall be in compliance with the compensation rates set by the CJA Plan for non-capital cases.

So Ordered.

                                                /s/ Hugh B. Scott
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
April 6, 2011